UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21413-CIV-COOKE/BROWN

GRISEL LOPEZ,

    *Plaintiff,*

v.

ALBERTO GONZALEZ, *et al.,*

    *Defendants.*

_____/

**ORDER DENYING MOTION TO DISMISS AND REMANDING CASE TO USCIS**

This matter is before me on Defendants' Motion to Dismiss [D.E. 4], filed on August 24, 2007.  For the reasons set forth below, Defendants' Motion to Dismiss is denied, but Defendants' alternative motion to remand is granted.

*I.  BACKGROUND*

Grisel Lopez is a native and citizen of Cuba who has been a lawful permanent resident since October 8, 1998.  She filed an application for naturalization with the USCIS on February 6, 2004.  USCIS began processing the application upon receipt, including the initiation of background checks.  On November 2, 2004, Ms. Lopez appeared in Miami for an initial interview.  To date, her application has not been adjudicated because the background security checks remain pending.

*II.  ANALYSIS*

The Defendants have asked me to dismiss the case.  I find it more prudent and efficient, however, to remand the case to the USCIS, so that the USCIS can complete the required security background checks for Ms. Lopez's application.

I have subject matter jurisdiction in this case under 8 U.S.C. § 1447(b).  *See Walji v.*

*Gonzales*, 500 F.3d 432, 434-35 (5th Cir. 2007); *Hussein v. Gonzales*, 474 F.Supp.2d 1265, 1267-68 (M.D. Fla. 2007).  8 U.S.C. § 1447(b) states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Therefore, I can adjudicate Ms. Lopez's application for naturalization.  Under 8 U.S.C. § 1446, however, the USCIS must conduct a background investigation of the applicant before he or she can be naturalized.  Ms. Lopez's background investigation must still be completed before I can proceed on her application.  A court generally is not equipped to conduct the necessary background investigation and, without the completion of such an investigation, I cannot naturalize Ms. Lopez.

I am, therefore, remanding the matter to USCIS with directions that Ms. Lopez's application be adjudicated within 120 days.  *See*, *e.g.*, *Malakhov v. USCIS, et.al.*, Case No. 06-22299-CIV-JORDAN, at 2 (S.D. Fla. Dec. 7, 2006).

### III.  CONCLUSION

Accordingly, I order and adjudge as follows:

1. Defendants' Motion to Dismiss [D.E. 4] is denied without prejudice.

2. This matter is remanded to the USCIS for prompt adjudication of Ms. Lopez's application for naturalization.

3. If the USCIS has not rendered a decision on Ms. Lopez's application by February 21, 2008, Ms. Lopez shall file a notice with the Court setting forth the status of the application.  Upon receipt of the notice, the Court will consider reopening this matter and adjudicating Ms. Lopez's application in accordance with 8 U.S.C. § 1447(b).  Should a resolution favorable to Ms. Lopez be

reached prior to that, Ms. Lopez shall file for final dismissal.

    4.    This case is administratively closed. All pending motions not otherwise ruled on are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of November 2007.

_____
MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Stephen T. Brown*
*Counsel of record*